B104 (FORM 104) (08/07)

18-26702

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Courtney D. Robinson-Medley | **DEFENDANTS** Key bank USA/Campus Door, Firstmark Services, Citibank, N.A./Student Loan Corp (SLC), Fedloan Services, U.S. Department of Education |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Pro Se. 7101 Wessex Pl. Princeton, NJ 08540 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To determine dischargeability of educational loans as an undue hardship pursuant to 11 USC section 523(a)(8)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR Courtney D. Robinson-Medley | BANKRUPTCY CASE NO. 18-26702 ||
| DISTRICT IN WHICH CASE IS PENDING District of New Jersey | DIVISION OFFICE Trenton | NAME OF JUDGE Christine M. Gravelle |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF Courtney D. Robinson-Medley | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING District of New Jersey | DIVISION OFFICE Trenton | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Courtney D. Robinson-Medley |||
| DATE 8/28/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Courtney D. Robinson-Medley ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE: )
)
Courtney D. Robinson-Medley, )
)
    Debtor. )
)
——————————————————— )
)
Courtney D. Robinson-Medley )    Chapter 7
)    Bankruptcy Case
    Plaintiff, )    No. 18-26702
)
vs. )
)
)    Adversary Proceeding
KEYBANK USA/CampusDoor, Firstmark Services,)    No.
CITIBANK, N.A./Student Loan Corp (SLC) )
Fedloan Services, U.S. Department of Education )
)
    Defendants. )
)

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

### NATURE OF THE ACTION

1. This is an adversary proceeding seeking a discharge of educational loans as an undue hardship pursuant to 11 U.S.C. § 523(a)(8) and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure.

### JURISDICTION & VENUE

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i). This Court has jurisdiction by virtue of the aforementioned Bankruptcy Code and Bankruptcy Rules to render a determination as to the dischargeability of Debtor's educational loans.

4. Venue for this matter is proper pursuant to 28 U.S.C. §1391 (a)(3).

## PARTIES

5. On August 21, 2018 (the "Petition" date), Plaintiff, Courtney D. Robinson-Medley, filed a voluntary Pro Se petition for relief under Chapter 7 of Title 11 of the United States Code in this Court: Bankruptcy Case No. 18-26702.

6. Thomas Orr was duly appointed as Chapter 7 trustee of the Debtors bankruptcy estate, and he continues to serve in that capacity.

7. Citibank, N.A./Student Loan Corp (SLC) and KeyBank USA/Campus Door, and the U.S. Department of Education are holders of educational loans made to Plaintiff. Firstmark Services and Fedloan Servicing are servicing companies for the educational loans; (All collectively "defendants" herein).

8. Defendant, Citibank, N.A./Student Loan Corp (SLC). is a private student loan guaranty With offices located at: 121 South 13th Street, Lincoln, NE 68508.

9. Defendant, KeyBank USA/Campus Door. is a private student loan guaranty with offices located at: 4910 Tiedman Road, Cleveland, OH 44144.

10. Defendant, Firstmark Services is a servicing agent for lender Citibank, N.A./Student Loan Corp (SLC) with offices located at: 121 South 13th Street, Lincoln, NE 68508, USA

11. Defendant, Fedloan Services is a servicing agent for lender Department of Education with offices located at: PO Box 530210, Atlanta, GA 30353.

12. Defendant, U.S. Department of Education is a federal student loan guaranty with offices located at: 400 Maryland Avenue, SW., Washington, D.C. 20202

13. Plaintiff, is an individual residing at 7101 Wessex Place, Princeton, NJ 08540.

## FACTUAL ALLIGATIONS

### BACKGROUND

14. Several of the unsecured debts owed by debtor and listed in Schedule F of the debtor's Bankruptcy petition are educational loans owed to the defendants, inclusive.

15. Commencing on or about September 6, 2002, Plaintiff incurred numerous educational loans to pay expenses and/or tuition at Rutgers University, Union County College, Middlesex County College, Monmouth University, Rider University, University of New Orleans, Brookdale College, Eastern University, The Chicago School of Psychology, and Walden University.

16. Defendant, Citibank, N.A./Student Loan Corp (SLC) holds four (4) outstanding loans in

the aggregate amount of approximately $75,940.10 (balance as of August 22, 2018). The loans bear interest rates of 11.250% for two and 7.750% for two others. On or about September 27, 2018 these loans will default and be due in full.

17. Defendant, KeyBank USA/Campus Door holds five (5) outstanding loans in the aggregate amount of $74,492.60 (balance as of August 22, 2018). The loans interest rates are unknown as they are in default.

18. Defendant, U.S. Department of Education holds two (2) outstanding consolidated loans in the aggregate amount of $151,630.00 (balance as of August 22, 2018). The loans bear a fixed interest rate of 5.88% and is currently in repayment under an income based repayment plan. Current payments are $0.00.

19. Debtor holds a Bachelor of Arts degree in Psychology & Fine Arts. She obtained this Degree with the dream of becoming a music and art therapist. Debtor started a Master's program where she attempted to pursue her Master's in Marriage and Family Counseling. Debtor was unable to complete this program due to personal and financial issues.

20. Directly after graduating Rider University in 2009 with her Bachelor's degree. Debtor accepted a position within AmeriCorps at the Good Sheppard School in New Orleans. AmeriCorps required full-time work with pay at the poverty line. This position had an annual living stipend of $11,500. Debtor accepted this position to get her foot in the door and "pay her dues" and hoped to become employed fulltime after her year of service.

21. Debtor did file a chapter 7 no assets bankruptcy in January 2010 with the help of and Attorney to stop a bank levee that resulted from her being unable to pay her debts. That case was dismissed in April of 2010.

22. In June of 2010, Debtor relocated back to New Jersey to assist her family with her new born sister. Debtor was able to transfer to a different AmeriCorps site in Trenton, NJ.

23. Debtor, found herself living on the couches of family and friend her first year back in New Jersey. She began to look for full-time work outside of AmeriCorps and eventually landed a position with Court Appointed Special Advocates in Trenton, NJ in November of 2012. This position had an annual living stipend of $12,660.

24. Despite great effort between 2009 and 2013, Debtor had not been able to secure full-time employment, sustaining herself only on temporary service terms through the AmeriCorps Program. Where she made well below the poverty line.

25. As her term of service was close to ending with AmeriCorps. Debtor was offered a full-time job with Court Appointed Special Advocates in Eatontown, NJ in October of 2013. This position had an annual rate of $30,000.

26. In April 2014, Debtor secured an apartment in Long Branch, NJ and applied for a part-

time job with Trader Joe's in Shrewsbury, NJ. To assist in covering her commuting and living expenses. In this position Debtor was paid $11.50 hourly.

27. In October of 2014, Debtor was let go from position with Court Appointed Special Advocates. She immediately filed for unemployment and started searching for full-times job. Debtor, remained without a full-time salaried job for 16 months. Debtor continue to work part-time with Trader Joe's.

28. In February of 2015, Debtor took another AmeriCorps position and was placed at the Center for Family Services in Camden, NJ. This position had a living stipend of $14,160. Debtor was commuting from Long Branch, NJ to Camden, NJ during the work week. In May of 2015, Debtor was the victim of a sexual assault in Mexico and required accommodations to be made so that she could attend therapy, doctors and various appointments.

29. Debtor remained in this position until February, 2016 when she became a part-time hourly employee with The Arc of New Jersey. Debtor, was let go from her job at Trader Joe's in April of 2016 after needing her hours shortened. Debtor requested to work only specific dates and times due to her new job and so that she could continue to attend doctors' appointments and therapy to treat her Bi-Polar Disorder, Anxiety Disorder, and Post-Traumatic Stress Disorder (PTSD).

30. Debtor was in need of her own vehicle and financed a 2015 Honda Fit from Carmax in December of 2016. The lien is held with Santander Consumer USA. Within 3 days of financing the vehicle the Debtor applied and was approved to drive for Lyft. In this position Debtor receives up to $800 a month for part-time work. This is after Lyft takes 25% and does not include federal or state taxes.

31. In April of 2017, Debtor moved to Princeton, NJ to be closer to work. Debtor was later made full-time and salaried in June of 2017 at The Arc of New Jersey. This position has an annual rate of $33,000. Debtor continues to be employed with The Arc of New Jersey.

32. Debtor does not own any real property. Debtor does own a financed vehicle that she uses for work with the Arc of New Jersey and to drive for Lyft. Both positions require the use of a vehicle.

33. Debtor has been in tenancy court 3 times between November 2017 and August 2018. She Has had her car repossed once and carries a past due balance from being unable to pay her rent, car note and other expenses monthly. Debtor is unable to live with family and/or friends and has limited credit to secure new housing or a different vehicle. If debtor cannot come to a reaffirmation agreement with her financing agency she will need to turn her car in. Debtor is working on a payment agreement with her landlord so that she may remain in her home.

34. Based on the Debtor's current income and expenses and health, the Plaintiff will not be able maintain a minimal standard of living and repay her loan. Since 2009, Debtor has not had income that was able to sustain any minimal standard of living and pay back her student loans without their being a hardship to her. Debtor currently has approximately $302,062.70 in student loan debt as of August 22, 2018. Debtor's student loan debt is crippling and debt, if forced to pay her loans, would not be able to maintain a minimal standard of living.

35. Debtor is thirty-three years of age and would like to be able to sustain herself and someday have a family of her own.

36. As of the Petition Date, debtor earns an average monthly income of $2,423.03 from wages/salary. Debtor's monthly expenses, without any payments on her student loans, total $2,693.13 leaving her -$270.10 in excess income after paying expenses. Debtor's monthly expenses are as follows:
Rent $1089
Utilities $156
Renters Insurance $9
Cell Phone $97
Food $350
Laundry and Dry Cleaning $10
Personal Care Products $40
Car Payment $457.13
Transportation $300
Vehicle Insurance $165
Recreation, Clubs, Entertainment, Newspapers, Magazines, etc. $20

These monthly expenses do not include any allowance for unanticipated or unquantifiable expenses. Accordingly, Debtor's minimum expenses exceed her current income.
1. The debtor's income is insufficient to provide for payment of any meaningful amount toward debtor's student loan during the repayment period without imposing great and undue hardship on debtor.
2. Debtor continues to seek better employment, but she faces significant employability challenges, due to her limited substantive experience and lack of educational qualifications. Debtor's Psychology degree has little value in the current market where there are more social workers and psychologist than there are open positions in the human services industry. In fact, the Psychology degree has hindered the debtor from obtaining nonhuman services positions because she is "overqualified" for certain jobs (i.e. retail).
3. In the current job market, it is unlikely that debtor will see a significant increase in income in the near future, even if she is forced to pursue a career change in order to sustain herself. In light of the mounting interest accrual, even with full-time permanent employment, income will be insufficient to provide for payment of any meaningful amount toward debtor's astronomical student loan debt during the repayment period without imposing great and undue hardship on debtor.
4. Other than the income specified herein, debtor has no current or anticipated available income or resources with which to pay the aforementioned loans and any payments on the loans could be made only at great and undue hardship to debtor.
5. Debtor's mental health is likely to decline in the remainder of the repayment period. Debtor struggles with managing her stress and often becomes hopeless when considering her financial crisis. The prospect of paying her student loan for the rest of her life has caused debtor extreme anxiety and stress. Stress and strong feelings such as frustration and increased depression are have led to the debt to seek medical help that may be long term. The enormous student loan debt has been a major source of frustration and sadness for the debtor and causes her undue hardship.

6. Debtor has acted in good faith with respect to her student loans. She has made on-time payments on her federal student loans since they went into repayment in 2015 until present. Debtor consolidated her federal loans in 2017 and was diligent about obtaining deferments and forbearance when she could not make the payments. Debtor applied for Public Service Loan Forgiveness (PSLF) and is working towards a PSLF discharge of her federal loans. Debtor has sought out assistance from her private lenders when those loans entered repayment. Debtor was informed that full payments must be made even though she stated she did not make enough to make $1241.46 in total payments per month to her private lenders. Debtor was informed that Defendant, Keybank USA/CampusDoor, is requiring payment in full for her defaulted private student loans. Debtor was informed that Defendants, Citibank, N.A./Student Loan Corp (SLC) and Firstmark Services will list the private student loans as defaulted on or about September 27, 2018. Payment will be due in full after that date.

**CLAIM FOR RELIEF**

37. According to 11 U.S.C. Section 523 (a)(8) of the Bankruptcy Code, the loans are Dischargeable because they would impose an 'undue' hardship. Plaintiff is requesting to have total debt of remaining to the Defendants discharged.

38. Despite debtor's good faith efforts to repay defendants, she has not been able to do so. Debtor cannot maintain a minimal standard of living for herself if forced to repay the loans. Due to the debtor's employment trend, it is not likely that the debtor's ability to pay will change in the foreseeable future.

39. Based on the criteria set forth in *Brunner v. New York State Higher Education Service Corp.*, 831 F.2d 395(2d Cir.1987) (per curiam), as adopted by the United States Court of Appeals for the Eleventh Circuit in *Hemar Ins. Corp of America v. Cox (In re Cox), 338 F.3d 1238, 1242 (11th Cir, 2003)*, the debtor qualifies for, and should be granted, a discharge of the above –described educational loans.

**WHEREFORE**, the debtor prays that this Court enter an Order declaring the student loan debt of the debtor to be discharged in this bankruptcy case and grant such other and further relief as this Court may deem appropriate.

Dated: August 28, 2018
Princeton, NJ

Respectfully submitted,

*Courtney D. Medley*

Courtney D. Robinson-Medley, pro se.
7101 Wessex Place
Princeton, NJ 08540
Phone: (908)764-8722
E-mail:courtneymedley@gmail.com